IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: James L. Megilligan

CHAPTER 13

CASE NO. 12-14914-jkf

Ocwen Loan Servicing, LLC
                  Movant

vs.

James L. Megilligan
                  Debtor

and

William C. Miller, Esquire
                  Trustee

## STIPULATION IN SETTLEMENT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Ocwen Loan Servicing, LLC ("Mortgagee") and James L. Megilligan ("Debtor"), through their respective counsel, hereby stipulate as follows:

1. The automatic stay as provided by 11 U.S.C. § 362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on Debtor's real property known as and located at: 10 Amber Court, Lancaster, PA 17551.

3. The parties certify that the total post-petition delinquency as of September 4, 2012, is $4,369.39, consisting of post-petition payments from 06/01/12 through 09/01/12 in the amount of $871.39 each, late charges from 06/01/12 through 08/01/12 in the amount of $27.61 each, attorney's fees through and including 09/01/12 in the amount of $625.00 and court filing costs of $176.00.

4. Beginning with the payment due 10/01/12, Debtor shall pay the regular monthly mortgage payment, currently in the amount of $871.39, plus the additional sum of $728.23 toward the above delinquency for a total payment of $1,599.62 per month, payable on the first of each month, through and including 03/01/13 until the account is brought current post-petition. All payments are to be made by **certified check or money order** and be made payable to Ocwen Loan Servicing, LLC. The address to which payments should be sent is 1661 Worthington Road #100 West Palm Beach, FL 33409 . Debtor shall reference loan number 70672506 on any and all payments submitted pursuant hereto.

\\UDREN2\Scanner Users\Bky Production\09100367-4 Stip.wpd

5. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by the mortgagee, and the monthly payment amount due under the terms of this stipulation shall change accordingly.

6. Should Debtor fail to make any of the above described payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Mortgagee may send Debtor and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

7. In addition, it is further agreed by Debtor that it shall constitute an additional default under this stipulation should Debtor fail to comply with all covenants set forth in the Note and Mortgage Agreements, including but not limited to payment of all non-escrowed real estate taxes when they become due and maintenance of homeowner's insurance on the property. Should Movant advance any amounts on Debtor's behalf for delinquent real estate taxes and/or homeowner's insurance, Movant shall send Debtor and Debtor's counsel a written notice of default of this Stipulation as set forth in paragraph 6 herein.

8. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should the Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtor and counsel a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

9. The parties agree that a facsimile signature shall have the same force and effect as an original signature.

_____
Elana B. Flehinger, Esquire
UDREN LAW OFFICES, P.C.
Attorneys for Mortgagee

_____
Michael D. Hess, Esquire
Attorney for Debtor

APPROVED BY THE COURT THIS _____ DAY OF _____, 20_____.

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE